IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CRYSTAL ROBERTSON, on behalf of herself and her minor child D.R.; <br><br> ELIZABETH DAGGETT, on behalf of herself and her minor child H.D.; <br><br> JOANN MCCRAY, on behalf of herself and her minor child J.C.; <br><br> VERONICA GUERRERO, on behalf of herself and her minor child A.F.; <br><br> MARCIA CANNON-CLARK AND DAVID CLARK, on behalf of themselves and their minor child B.R.C; and <br><br> THE ARC OF THE UNITED STATES, <br><br>       Plaintiffs, <br> v. <br><br> DISTRICT OF COLUMBIA, <br><br>       Defendant. | Case No. 1:24-cv-00656 (APM) |

**JOINT SUBMISSION REGARDING BRIEFING SCHEDULE ON
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to the Court's March 21, 2024, Order directing the parties to submit a proposed schedule for briefing on Plaintiffs' Motion for Preliminary Injunction, Plaintiffs conferred with Defendant on March 21 and 22. The Parties have been unable to agree to a schedule and set forth below their respective positions.

**PLAINTIFFS' POSITION**

Pursuant to the Local Rules, an opposition to a preliminary injunction "shall be served and filed within seven days after service." LCvR 65.1(c). Defendant was served on March 20. Given

the issues presented in this litigation and the relief requested, Plaintiffs proposed to Defendant that it file its Opposition 30 days after service, on April 19, with Plaintiffs' Reply due 10 days later, on April 29.

Plaintiffs respectfully disagree that Defendant requires 65 days to file an Opposition and supporting papers.  Defendant's agency, the Office of the State Superintendent of Education ("OSSE"), is intimately familiar with the issues raised in Plaintiffs' filings and the District has been on notice for years of continuous failings with its busing obligations, as evidenced by parent outreach, OSSE public hearing testimony, news reports, and administrative proceedings against the agency.  Over the past four months, the five individual plaintiffs exhausted their administrative remedies and participated in hearings against OSSE regarding the issues raised in the Complaint.  Those hearings were based on administrative complaints filed as early as September 2023, more than six months ago.  Plaintiffs filed their Complaint shortly after administrative hearings concluded for all five individual plaintiffs.

Plaintiffs need timely consideration of their application for a preliminary injunction so that the gross deficiencies in OSSE's student busing obligations can be addressed and remedied this summer.  A prolonged briefing schedule will cause students with disabilities irreparable harm by denying them timely relief.  The District is daily failing to provide disabled students with what is required under federal law. This case does not present a novel question of constitutional interpretation like other cases where this Court extended the briefing schedule for a motion for preliminary injunction. *See, e.g.*, *Hanson v. District of Columbia*, 22-cv-01878-RDM, Minute Order, July 15, 2022 (challenging constitutionality of firearms restrictions); *Angelo et al. v. District of Columbia*, 22-cv-01878-RDM, Minute Order, July 15, 2022 (same); *Heller v. District of Columbia*, 22-cv-01894-DLF, Minute Order, July 14, 2022 (same).  Here, both parties are familiar

with the law and at least the factual basis for the claims. In view of the foregoing, Plaintiffs propose the following briefing and hearing schedule:

1. Defendant shall file its Opposition to Plaintiffs' Motion for Preliminary Injunction on or before April 19, 2024.

2. Plaintiffs shall file their Reply to Defendant's Opposition on or before April 29, 2024.

3. The Court will hold a hearing on Plaintiffs' Motion for Preliminary Injunction at its convenience on May 3, 6 or 7, 2024.

**DEFENDANT'S POSITION**

In light of the significant factual record Plaintiffs have put forward, the sweeping systemic relief Plaintiffs are seeking, and Plaintiffs' own delay in bringing this suit and moving for a preliminary injunction, Defendant the District of Columbia (the District) proposes the following briefing schedule for Plaintiffs' Motion for Preliminary Injunction (Motion): (1) the District will file its opposition by May 24, 2024, 60 days from the date of this Joint Status Report; and (2) Plaintiffs will file any reply by June 3, 2024. The District also requests that its deadline to respond to the Complaint be held in abeyance until the Court rules on the Motion.

Plaintiffs Crystal Robertson, Elizabeth Daggett, Joann McCray, Marcia Cannon-Clark and David Clark, on behalf of themselves and their minor children, and the Arc of the United States filed their class action complaint on March 7, 2024, Compl. [1], moved for a preliminary injunction a week later on March 14, 2024, Mot. [4], and then waited almost another week to serve the District on March 20, 2024. Plaintiffs allege systemic deficiencies in the transportation of disabled children to and from school by the Office of the State Superintendent of Education Division of Transportation (OSSE DOT), as well as allegations related to their own transportation over the

past several years. Compl. ¶¶ 1, 11–16. They assert claims under the Individuals with Disabilities in Education Act (IDEA), Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and the District of Columbia Human Rights Act (DCHRA), Mot. at 1, and seek broad systemic relief, Proposed Order [4-2].

The District respectfully requests 60 days, until May 24, 2024, to respond to the Motion, with Plaintiffs' reply due 10 days thereafter (as Plaintiffs have requested). To be sure, Plaintiffs' allegations concern a matter of the utmost importance, but the District requires adequate time to respond to Plaintiffs' extensive factual allegations. Plaintiffs' motion papers include a 46-page memorandum with 46 exhibits and supporting documents totaling several hundred pages. Those documents, along with the Complaint, contain factual allegations spanning multiple school years that will require diligent investigation, including data collection and analysis. In addition, Plaintiffs have submitted declarations from three experts, which may require the District to retain one or more experts of its own. Moreover, Plaintiffs are asking—on an expedited basis—for what amounts to full class-wide relief in the case. Proposed Order [4-2] at 1–4.

Related, the time Plaintiffs took in bringing their case indicates that a more expeditious briefing schedule is not warranted, and in fact, supports providing the District with similarly adequate time to develop its own record. Plaintiffs filed the Complaint *years* after some of the alleged transportation issues occurred and served the District 100 days after Plaintiff H.D.'s IDEA Hearing Officer Determination (HOD), 70 days after Plaintiff J.C.'s HOD, and 48 days after Plaintiff D.R.'s HOD. The District was then served with the Complaint 13 days after it was filed— and almost a week after the Motion was filed—a pace suggesting a lack of urgency on Plaintiffs' part.

Finally, there is ample support for the District's proposed briefing schedule in the case law. Recognizing that resolving a motion for preliminary injunction requires a properly developed record, Courts in this District have granted defendants time significantly beyond the seven days provided in LCvR 65.1(c) to respond. For example, in *Hanson v. District of Columbia*, 22-cv-01878-RDM, the Court granted the District a 60-day extension to respond to a motion for preliminary injunction over the plaintiffs' objection. *See* Minute Order, July 15, 2022 (noting that "Plaintiffs [conditionally] consent to a 30-day extension," but concluding "that in light of the need to ensure that the record in this case is properly developed, a 60-day extension of time is appropriate"); *see also Angelo et al. v. District of Columbia*, 22-cv-01878-RDM, Minute Order, July 15, 2022 (granting 60-day extension); *Heller v. District of Columbia*, 22-cv-01894-DLF, Minute Order, July 14, 2022 (same). The need for a properly developed record is equally critical here, as Plaintiffs' Motion raises complex issues legal questions and factual allegations spanning years, and asks, in essence, for the Court to take over operations of OSSE DOT. The District should be allowed adequate time to respond.

Dated: March 25, 2024                                  Respectfully submitted,

/s/ Kaitlin R. Banner                                  /s/ Margaret H. Warner
Kaitlin R. Banner, D.C. Bar No. 1000436                Margaret H. Warner, D.C. Bar No. 359009
Margaret F. Hart, D.C. Bar No. 1030528                 Eugene I. Goldman, D.C. Bar No. 9399959
Chelsea Sullivan, D.C. Bar No.90017708                 Theodore E. Alexander, D.C. Bar No. 1600692
Washington Lawyers' Committee for                      Christopher M. Shoemaker, D.C. Bar No. 90019351
Civil Rights and Urban Affairs                         McDermott Will & Emery LLP
700 14th Street, NW, Suite 400                         500 North Capitol Street NW
Washington, DC 20005                                   Washington, DC 20001
(202) 319-1000                                         (202) 756-8400
kaitlin_banner@washlaw.org                             mwarner@mwe.com
margaret_hart@washlaw.org                              egoldman@mwe.com
chelsea_sullivan@washlaw.org                           talexander@mwe.com
                                                       cshoemaker@mwe.com

Katherine Zeisel, DC Bar No. 979552
Children's Law Center
501 3rd St, NW, 8th Floor
Washington, DC 20001
(202) 267-4900
Kzeisel@childrenslawcenter.org

Shira Wakschlag, D.C. Bar No. 1025737
Evan Monod, D.C. Bar No. 1764961
The Arc of the United States
2000 Pennsylvania Ave. NW
Washington, D.C. 20006
(202) 534-3708
wakschlag@thearc.org
monod@thearc.org

*Counsel for Plaintiffs*

/s/ Greg Ketcham-Colwill
Greg Ketcham-Colwill
Assistant Attorney General
Civil Litigation Division, Equity Section
Office of the Attorney General for the
District of Columbia
400 6th Street, NW
Washington, D.C. 20001
(202) 724-6643
gregory.ketcham-colwill@dc.gov

*Counsel for Defendant*